Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000626
29-NOV-2013
08:41 AM

NO. CAAP-12-0000626

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
ALEXANDER H. LI, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(Case No. 1DTA-12-00941)

SUMMARY DISPOSITION ORDER
(By: Fujise and Reifurth, JJ.,
with Nakamura, C.J. concurring separately)

Defendant-Appellant Alexander H. Li (Li) appeals from the Judgment, entered on June 18, 2012 in the District Court of the First Circuit, Honolulu Division (District Court).[1]

Li was found guilty of Operating a Vehicle under the Influence of an Intoxicant (OVUII), in violation of Hawaii Revised Statutes (HRS) § 291E-61(a)(3) (Supp. 2012).

On appeal, Li contends the District Court erred by (1) denying his motion to dismiss because the amended complaint was pled in the disjunctive and (2) admitting a supervisor's sworn statements regarding the accuracy of an Intoxilyzer because they were testimonial in nature and he was not provided the opportunity to question the supervisor which violated his right to confront a witness.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Li's points of error as follows:

---

[1] The Honorable Lono J. Lee presided.

(1) Li claims that the District Court erred by denying his Motion to Dismiss because the charge was stated in the disjunctive. On appeal, Li challenges three disjunctive terms:

> On or about the 5th day of February, 2012, in the City and County of Honolulu, State of Hawaii, ALEXANDER H. LI . . . did operate **or [the 1st "or"]** assume actual physical control of a vehicle upon a public way, street, road, **or [the 2d "or"]** highway with .08 **or [the 3d "or"]** more grams of alcohol per two hundred liters of breath, thereby committing the offense of Operating a Vehicle Under the Influence of an Intoxicant, in violation of Section 291E-61 . . . . (a)(3) of the Hawaii Revised Statutes. ALEXANDER H. LI is subject to sentencing as a first offender in accordance with Section 291E-61(b)(1) of the Hawaii Revised Statutes.

However, during his arraignment, Li orally stated his objection as follows:

> I'm just going to move to dismiss the complaint inasmuch as the complaint says basically "intentional, knowing, or recklessly operate or assume on a public road, street, or highway while under the influence of alcohol sufficient to impair his mental faculties or ability to care for his -- guard against himself and casualty." And this complaint is completely pled in the disjunctive. Under Jendrush and the McCarthy case it is a pleading that should be dismissed, and I would move to dismiss it at this time.

Li did not object to the "third or" he identifies on appeal. Therefore, that point of error is waived. Hawai'i Rules of Appellate Procedure Rule 28(b)(4).

As to the "first or," the term "operate" in HRS § 291E-61(a) is defined in HRS § 291E-1 (2007) as "to drive or assume actual physical control of a vehicle upon a public way, street, road, or highway or to navigate or otherwise use or assume physical control of a vessel underway on or in the waters of the State." HRS § 291E-1, State v. Wheeler, 121 Hawai'i 383, 391, 219 P.3d 1170, 1178 (2009). The term "assume actual physical control" is part of the definition of "operate" in HRS § 291E-1. Thus, the term operate is synonymous with the phrase "assume actual physical control." Wheeler, 121 Hawai'i at 392, 219 P.3d at 24 ("[W]e interpret the definition of 'operate' in HRS § 291E-1 as referring generally to the conduct of 'operating' a vehicle under the influence as described in the title of HRS § 291E-61(a), whether the conduct consists of driving the vehicle or otherwise assuming actual physical control of it.") Thus, the term "operate" and the phrase "assume actual physical control" are not alternative methods of committing the offense that must be charged in the conjunctive.

As to the "second or," the phrase "Public way, street, road, or highway" is a specific term that is defined in HRS § 291E-1.

> "Public way, street, road, or highway" includes:
>
> (1)   The entire width, including berm or shoulder, of every road, alley, street, way, right of way, lane, trail, highway, or bridge;
>
> (2)   A parking lot, when any part thereof is open for use by the public or to which the public is invited for entertainment or business purposes;
>
> (3)   Any bicycle lane, bicycle path, bicycle route, bikeway, controlled-access highway, laned roadway, roadway, or street, as defined in section 291C-1; or
>
> (4)   Any public highway, as defined in section 264-1.

The phrase "Public way, street, road, or highway" is a single term. The term itself is not a combination of four possible public places upon which an offense may be committed. Thus, it is not improperly charged in the disjunctive.

Even if it were to be read as four separate terms, i.e. public way, public street, public road, and public highway, the terms are synonymous with each other. When terms are synonymous, they may be pled in the disjunctive. See Terr. v. Kim Ung Pil, 26 Haw. 725, 729 (1923) ("[W]here terms laid in the alternative are synonymous, the indictment is good.") (citation and internal quotation marks omitted). Subsection 1 of this definition defines the term "Public way, street, road, or highway" as "the entire width, including berm or shoulder, of every road, alley, street, way, right of way, lane, trail, highway, or bridge[.]" (emphasis added).

The District Court did not err by denying Li's Motion to Dismiss.

(2)   Li claims that his Sixth Amendment right to confront witnesses against him was violated when the District Court admitted State's Exhibits 2 and 5 over his objection. State's Exhibits 2 and 5 were "the two internal accuracy tests with the supervisor's sworn statements." executed thirty days before and after Li's Intoxilyzer test was administered.[2] Li acknowledges that in State v. Marshall, 114 Hawai'i 396, 400-02,

_____

[2]   Although both exhibits appear to have been admitted into evidence at trial, only Exhibit 5 appears in the record.

3

163 P.3d 199, 203-05 (App. 2007) and in the majority of other jurisdictions considering the matter, a supervisor's sworn statement that an Intoxilyzer had been properly calibrated and tested for accuracy was not testimonial in nature and therefore not subject to the Confrontation Clause of the Sixth Amendment. Citing Bullcoming v. New Mexico, 131 S. Ct. 2705 (2011), Li urges this court to overrule Marshall.

In Bullcoming, the court considered the admissibility of a certificate attesting to Bullcoming's blood-alcohol concentration without the testimony of persons having personal knowledge of Bullcoming's test. The high court held that a witness that did not certify a report that was testimonial in nature could not testify in place of the person that did certify the report in order to satisfy the Confrontation Clause of the Sixth Amendment. 131 S. Ct. at 2713. The issue in Bullcoming was not whether the report was testimonial in nature, rather which witness must testify at trial about a report that is testimonial in nature. Thus, Bullcoming is inapplicable to this case. We find no authority since Marshall that undermines its holding, therefore, we decline to overrule it. Marshall controls and, consequently, District Court did not err by admitting State's Exhibits 2 and 5.

Therefore,

IT IS HEREBY ORDERED that the Judgment, entered on June 18, 2012, in the District Court of the First Circuit, Honolulu Division, is affirmed.

DATED: Honolulu, Hawai'i, November 29, 2013.

On the briefs:

R. Patrick McPherson,
for Defendant-Appellant.

_Associate Judge_

Brian R. Vincent,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Associate Judge

4.